## Case No. 2,440a.

### CARR v. TWEEDY.

[Hempst. 287.][1]

Superior Court, D. Arkansas. July, 1835.

CERTIORARI—WHEN WRIT WILL ISSUE.

A writ of certiorari cannot issue from the superior court, for the purpose of bringing up a case from the county court for adjudication, and such case should be determined in the circuit court.

Before JOHNSON and YELL, Judges.

OPINION OF THE COURT. This cause is brought here by certiorari, directing the clerk of the county court of Conway to certify to the superior court at the July term, 1835, the record and proceedings in the above cause. At the April term, 1835, of the circuit court, judgment was obtained against James Carr and others, to the amount of $2,458, for failing to settle with the court as executors of the last will and testament of John Tucker, deceased, from which judgment no appeal was prayed, and this certiorari was brought to set aside the judgment and proceedings in the county court. The defendant moves to dismiss this certiorari, because this court has no jurisdiction in the cause. If the act of 1829 (Ter. Dig. 157), organizing the county courts, gives the privilege of appeal, it still must be brought up in the way pointed out by the statute; it would be error to bring an appeal directly from the county court to this court, the circuit courts alone having jurisdiction of appeal from justices of the peace. Ter. Dig. 122, 157. Prior to the act of 1828 (Ter. Dig. 537), this court had concurrent original juris-

[1] [Reported by Samuel H. Hempstead, Esq.]

diction with the circuit courts in all civil matters. Since the passage of that act, the superior court is made an appellate court alone, with some few exceptions, and this is a case believed not to be within this rule. The act declares, "That the superior court of this territory, in all cases at law and equity, shall be exclusively an appellate court, and shall not have original jurisdiction in any civil cause, unless such as may arise under the laws of the United States." The writ of certiorari is an original writ, and cannot therefore be returned to this court. There is an intermediate jurisdiction clothed with the power to hear and determine all original proceedings, and also vested with appellate power to hear and determine all matters of litigation arising in the inferior courts. That court, then, being vested with both original and appellate jurisdiction, would in any event be the proper tribunal to hear and determine this cause. If an appeal is allowed, then, it should have been returned to the circuit court, and if it be an original writ, that court alone has jurisdiction. It was error to bring it up to this court. Certiorari dismissed.